IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDY KG JACKSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-937-E-BK |
| | § | |
| MATTHEW D. HOPKINS, ET AL., | § | |
|     DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious.

On April 15, 2025, Wendy KG Jackson, a Dallas resident, filed a *pro se* complaint, along with a motion to proceed *in forma pauperis*, naming as defendants Matthew D. Hopkins and Christine Bolerjack at People National Bank (PNB) in Benton, Illinois. Doc. 3 at 1; Doc. 4. Jackson's complaint is difficult to decipher and largely nonsensical. She alleges that Defendants failed to return a $69,838 wire transfer, wired by Jackson on November 25, 2024, for "the purpose of fulfilling contractual tank storage terms," but then "called the funds back two times." Doc. 3 at 1-2; Doc. 3 at 2 (referencing wire number 24BP11048GQSOKA6). Jackson seeks a subpoena to compel Defendants to produce bank statements and "a written audit of the transaction[.]" Doc. 3 at 2. She also requests compensatory and punitive damages. Doc. 3 at 2.

The Court takes judicial notice that on February 11, 2025, Jackson file a nearly identical action about the same wire transfer against Defendant Christine Bolerjack, which was dismissed for failure to state a claim under 28 U.S.C. § 1915(e). *See Jackson v. Bolerjack*, No. 3:25-CV-333-K-BN, 2025 WL 906785, at *1 (N.D. Tex. Feb. 28, 2025), *rec. adopted*, 2025 WL 906222 (N.D. Tex. Mar. 25, 2025); Civ. Doc. 7 at 1 (the amended complaint in the first action references the same "wire number 24BP11048GQSOKA6" and seeks similar relief). Thus, Jackson's complaint in this action is subject to review for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

"IFP complaints may be dismissed as frivolous when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). That is the case here, where Jackson's allegations are a duplicate of the claims previously dismissed by this Court.

Even under the most deferential review, the Court concludes that Jackson merely reasserts her previous claims relating to the wire transfer, which arose from the same facts and course of events and involved the same defendants. Despite Jackson's attempt to expand her allegations and add a new defendant, the claims alleged in her new complaint clearly stem from the same incident—the purported wire transfer—that was dismissed with prejudice for failure to state a claim. *See Lewis v. Williamson Cnty.*, No. 24-50461, 2024 WL 4930392, at *2 (5th Cir. Dec. 2, 2024) (finding the action duplicative despite the plaintiff's attempt to add new allegations because the complaint arose from the same incident); *MacWilliams v. Uncapher*, No. 24-50129, 2024 WL 4471978, at *1 (5th Cir. Oct. 11, 2024) (holding that "an action raising the same factual allegations as a prior action is duplicative even if the plaintiff names different defendants in the second action").

Thus, this action is duplicative and should be **DISMISSED WITH PREJUDICE** as frivolous and malicious.  See 28 U.S.C. § 1915(e)(2)(B)

**SO RECOMMENDED** on April 29, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).